ATTORNEY-GENERAL v. RAILROAD.

(Filed March 22, 1904).

CORPORATIONS—*Charter—The Code, secs. 603, 605—The Code, sec. 2788—Attorney-General.*

The attorney-general cannot of his own motion bring an action to vacate the charter of a corporation.

ACTION by Robert D. Gilmer, Attorney-General, against the Holly Shelter Railroad Company, heard by *Judge George H. Brown, Jr.,* at Chambers, in Wilmington, on December 2, 1903. From a judgment for the defendant the plaintiff appealed.

*Rountree & Carr* and *John D. Bellamy,* for the plaintiff.
*Iredell Meares* and *Francis D. Winston,* for the defendant.

MONTGOMERY, J. This action is prosecuted in the name of the State of North Carolina on relation of Robert D. Gilmer, Attorney-General, against the defendant The Holly Shelter Railroad Company, for the purposes of having the

charter of the company declared 'null and void and cancelled, and the defendant corporation restrained and prohibited from exercising and attempting to exercise the rights of a railroad company pending the action. A restraining order was granted by *Brown, J.,* with an order that the defendant should thereafter, on a day named, appear before him and show cause, if any it might have, why the restraining order should not be continued to the final hearing. Afterwards, on December 2, 1903, the matter was heard and the restraining order dissolved, from which order the plaintiff appealed.

The complaint embraces two causes of action. In the first, it was alleged that the charter of the defendant company was organized for the purpose of operating a merely private logging road and not a railroad for the benefit of the public in carrying passengers and freight, and that the articles of incorporation of the defendant were obtained from the Secretary of State by falsely representing to him that the defendant company was to be organized and chartered for the purpose of constructing and operating a railroad company for public use in the conveyance of freight and passengers. In the second cause of action it was alleged that the defendant was exceeding the authority granted to it in its charter, and was exercising and threatening to exercise franchises and privileges not conferred upon it by law. The specific charge of exceeding chartered rights was that the defendant had changed one of the termini of its road and had extended or was extending its road-bed beyond the limit mentioned in the charter.

Upon the complaint and answer and the affidavits filed by the plaintiff and the defendant, his Honor was of the opinion (1) that the action to set aside the charter of the defendant upon the ground of fraud in obtaining it, could not be brought by the Attorney-General without the express

direction of the General Assembly, section 604 of The Code being a legislative limitation upon such power; and (2) that as to the second cause of action, under section 605 of The Code, the allegations were not supported by the proofs and were fully denied in the answer.

The contentions of the plaintiff in this Court were that at common law, and also under section 2788 of The Code, the Attorney-General was at liberty in his discretion to bring the action. The argument was to the effect that, as the Attorney-General in England was authorized and empowered to institute proceedings of his own motion to compel the dissolution of corporations, so the Attorney-General of the State might exercise the same powers, as the common law is in force in North Carolina, except where it is in conflict with the genius of our institutions; and that there would be no inconsistency between the laws of England on this subject and those of our own State. On the contention that the Attorney-General could proceed under section 2788 of The Code, it was insisted that that section was, through mistake or inadvertence of the Code Commissioners, taken from The Code of Civil Procedure (section 367) and placed in The Code, under the chapter entitled "Entries and Grants," and that in so doing the words "letters patent" were made to assume a restricted meaning, one applicable to grants alone; and further, that if section 367 of The Code of Civil Procedure (now section 2788 of The Code) had been inserted in its proper place in Title Fifteen, chapter 1 of The Code ("Actions in place of *Scire Facias, Quo Warranto*," etc., the words "letters patent" would be broad enough to include the charters of incorporated companies, and that section 604 of The Code (C. C. P., 368) might be construed as a direction from the General Assembly to the Attorney-General to proceed in cases which they had examined into, in addition to the general power given in

section 2788 (section 363, C. C. P.)     Neither one of the
contentions, in our opinion, can be sustained.

The whole subject of this controversy is now of legislative
authority, for section 603 of The Code declares that "the
writ of *scire facias,* the writ of *quo warranto,* and proceed-
ings by information in the nature of *quo warranto* are abol-
ished, and the remedies obtainable in those forms may be
obtained by civil actions under this sub-chapter."     The next
section of The Code (604) provides that "an action may
be brought by the Attorney-General in the name of the
State, whenever the Legislature shall so direct, against a
corporation for the purpose of vacating or annulling the
act of incorporation or an act renewing its corporate exist-
ence, on the ground that such act or renewal was procured
upon some fraudulent suggestion or concealment of a ma-
terial fact by the persons incorporated, or by some of them,
or with their knowledge and consent."     That section of The
Code on its face has reference to corporations chartered by
the General Assembly, but the Legislature at its session of
1889 (chapter 533) amended it by adding after the words
"the act of incorporation or an act renewing its corporate
existence" the words "or its letters of incorporation."     That
amendment, in our opinion, referred to the manner of char-
tering corporations, not by the General Assembly, but under
chapter 16 of The Code.     If the contentions of the plaintiff
were true, the amendment of 1889 would have been made
to section 2788 of The Code.     Then, too, if the Attorney-
General has the right to institute proceedings in the nature
of *quo warranto* against corporations in cases where the
charters were obtained and granted through fraudulent rep-
resentations or suggestions under section 2788, then why
should it be thought necessary by the General Assembly that
that body should provide for such a proceeding by special
enactment, section 604 of The Code?     And further, the

Attorney-General cannot bring an action in the nature of *quo warranto* for the purpose of vacating the charters of corporations in the cases mentioned in section 605 of The Code, unless and until he gets the leave of the Supreme Court or one of the Justices for that purpose. The clear meaning of section 604, before the amendment of 1889, chapter 533, was that whenever the General Assembly had chartered a corporation, that charter should not be annulled or vacated on the Attorney-General's own motion on the alleged ground that the charter had been procured by fraud. The investigation of such a charge is reserved for the future action of the Legislature itself. The amendment of 1889 to section 604 of The Code had the effect, and was intended, to put the charters of incorporated companies procured under chapter 16 of The Code on the same footing with charters granted by the General Assembly.

The ruling of his Honor, therefore, that the Attorney-General was not authorized to bring this action on the allegation that the defendant's charter was procured through a fraudulent suggestion or representation, was correct.

As to the second cause of action, founded on section 605 of The Code, the Attorney-General had the leave of the Chief Justice of this Court to commence such action But we see enough from a reading of the record and evidence that his Honor was correct in holding that the allegations of the second cause of action were not supported by the evidence, and that they were fully denied in the answer.

No Error.